UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARLON MCSWAIN**, | Case No. 1:10 CV 680 |
| Petitioner, | Judge John R. Adams |
| v. | REPORT AND RECOMMENDATION |
| **PHILLIP KERNS**, Warden, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### Introduction

Petitioner Marlon McSwain, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent Phillip Kerns, Warden of the Southern Ohio Correctional Facility, has filed a return of writ (Doc. 6) and provided the record from the state court proceedings (Docs. 6-1 – 6-25). Petitioner did not file a traverse.[1] The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be denied.

### Background: State Court Proceedings

Petitioner was tried before a jury on five counts of kidnapping with sexual motivation specifications, two counts of felonious assault, two counts of aggravated robbery, one count of aggravated burglary, and one count of rape. (Ex. 2, Doc. 6-15, at 12). The jury found Petitioner not

---

[1] Petitioner's counsel moved for an extension of time to file his traverse on or before August 9, 2010, which the court granted. (Doc. 7). Counsel has not filed a traverse or sought additional time to do so.

1

guilty of two of the kidnapping charges and one count of aggravated robbery. The jury was unable to reach a verdict on the rape count of the indictment, resulting in the trial court declaring a mistrial on that count. The prosecutor subsequently dismissed the rape count. *See State v. McSwain*, 2004 WL 1402700, at ¶¶ 3-4 (Ohio App. 8 Dist). Follow trial, Petitioner was sentenced initially to 26 years imprisonment and five years of post-release control. (Ex. 5, Doc. 6-15, at 15).

On direct appeal, the state appellate court found the evidence insufficient to support the aggravated robbery conviction and reduced it to the lesser included offense of robbery. *McSwain*, 2004 WL 1402700, at ¶¶ 2, 21-28. The appellate court also held the trial court erred in failing to merge allied offenses and failing to explain the potential consequences of post-release control violation, and remanded for re-sentencing. *Id.* at ¶ 51, 54. The Ohio Supreme Court rejected Petitioner's appeal. *State v. McSwain*, 104 Ohio St. 3d 1425 (2004) (table), *cert. denied sub nom. McSwain v. Ohio*, 544 U.S. 1040 (2005).

The trial court re-sentenced Petitioner on June 14, 2004 to 23 years imprisonment plus post-release control. (Ex. 18, Doc. 6-18, at 101). He timely appealed this sentence. However, the appeal was dismissed for lack of a final appealable order because the trial court failed to sentence Petitioner on aggravated burglary and a kidnapping count. *See State v. McSwain*, 2008 WL 2833937, at ¶¶ 11-12 (Ohio App. 8 Dist.). No further appeal was taken.

On July 26, 2007, the trial court sentenced Petitioner for the third time under the intervening guidance from the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006). *Foster* struck down as unconstitutional several statutory restrictions on judicial discretion that affected Petitioner's prior sentences. *See McSwain,* 2008 WL 2833937, at ¶ 13-15.  The trial court sentenced Petitioner to twenty years imprisonment and five years post-release control. *Id.* at ¶¶ 14-15. He timely but

2

unsuccessfully appealed. *See McSwain*, 2008 WL 2833937, *appeal not allowed*, 120 Ohio St. 3d 1457 (2008) (table).

## Overview of Federal Procedural History

On March 31, 2010, Petitioner, assisted by counsel, timely filed this Petition for federal habeas corpus raising five grounds:[2]

1. "There was insufficient evidence of serious physical harm to sustain the felonious assault convictions";

2. "The prosecution's closing argument improperly commented on the defendant's right not to call witnesses, and improperly appealed to the jury's passions and emotions";

3. "Cross-examination of Mr. McSwain improperly commented on his right to be present at trial";

4. "An African-American juror was improperly excused"; and

5. "The sentence imposed was improperly imposed in conformance with an Ohio Supreme Court judicial remedy pronounced after Mr. McSwain's alleged offense conduct."

(Doc. 1, at 4-5). Respondent filed a return of writ with exhibits. (Docs. 6, 6-1 – 6-25). As noted above, Petitioner did not file a traverse.

## Discussion

**Ground One: Sufficiency of the Evidence**

Petitioner first challenges the sufficiency of the evidence supporting his felonious assault convictions. Petitioner presented this argument on direct appeal, *see McSwain,* 2004 WL 1402700,

---

[2] The bases for Petitioner's arguments span a protracted length of time from the first appeal in 2004 to the final appeal from re-sentencing in 2008. Nonetheless, the Petition is timely. The limitations period of 28 U.S.C. § 2244(d)(1)(A) "did not begin until both []conviction *and* sentence 'became final by the conclusion of direct review or the expiration of time for seeking such review[.]'" *Burton v. Stewart,* 549 U.S. 147, 157 (2007) (per curiam) (emphasis in original).

at ¶ 29, but abandoned it in his arguments to the Ohio Supreme Court. (*See* Memorandum in Support of Jurisdiction, Ex. 13, Doc. 6-18, at 38-56).

Respondent correctly argues Petitioner's first ground is procedurally defaulted because he did not "fairly present" it to the Ohio Supreme Court. "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal quotation omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."). As noted above, Petitioner did not present his sufficiency argument to the Ohio Supreme Court.

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006) (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). The state principle of *res judicata* does not allow post-conviction review when the Ohio Supreme Court has been bypassed, as it was here. *See Engle*, 456 U.S. at 125 n.28; *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994) (citing *State v. Roberts*, 1 Ohio St. 3d 36, 39 (1982)). No review of Petitioner's sufficiency claim is now available in Ohio's courts. As such, Petitioner's claim is defaulted.

A reviewing court may only consider a procedurally defaulted claim if Petitioner can show cause for the default and prejudice resulting from the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Ineffective assistance of appellate counsel can generally provide cause for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, here counsel's omission

occurred on the discretionary appeal to the Ohio Supreme Court, where there is no constitutional right to counsel. *See Douglas v. California*, 372 U.S. 353, 357-58 (1963) (holding that under the Fourteenth Amendment, a criminal defendant has a right to counsel only on a first-tier appeal as of right); *see also Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) ("There can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel[.]" (citing *Coleman*, 501 U.S. at 752)). Consequently, habeas review of this ground is barred due to procedural default, and counsel's abandonment of the matter – while responsible for the default – cannot serve as cause to excuse it.

**Ground Two: Prosecutorial Misconduct**

Petitioner's second ground is an amalgamation of two separate assignments of error from his direct appeal. He argues the prosecutor: 1) in closing argument improperly commented on his right not to call witnesses; and 2) improperly appealed to the jury's passions and emotions. The state appellate court deemed the first part without merit and the second part waived.

*Part 1: Commenting on Defendant's Right Not to Call Witnesses*

Petitioner argued on direct appeal: "Prosecutorial comments about the defendant's decision not to present certain types of evidence violates the Fifth Amendment to the United States Constitution. Mr. McSwain had an absolute Fifth Amendment right not to put forth any evidence in corroboration of his testimony." (Ex. 8, Doc. 6-15, at 37). He also argued the prosecutor's comments violated his Fourteenth Amendment due process rights. Respondent argues Petitioner has failed to satisfy the AEDPA standard with respect to this ground.

The Fifth Amendment protects the privilege to remain silent, and a necessary corollary prohibits the prosecution's comment on a criminal defendant's exercise of this privilege at trial for

5

the purpose drawing an unfavorable inference for the jury. *See Lakeside v. Oregon*, 435 U.S. 333, 337-38 (1978); *Griffin v. California*, 380 U.S. 609 (1965). However, more oblique references by the prosecutor – such as arguing the State's evidence is "unrefuted" and "uncontradicted" – do not necessarily constitute comments on the defendant's exercise of the Fifth Amendment privilege. *Lockett v. Ohio*, 438 U.S. 586, 595 (1978).

To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). A reviewing court is to look at "the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The court can only provide relief "if the [conduct was] so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

In habeas corpus review the district court must look to the last reasoned state court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). The appellate court found this claim without merit based on state precedent and the rationale:

> Assuming such a [Fifth Amendment] right [not to present evidence to corroborate defendant's testimony] exists (a conclusion we do not reach), the prosecutor's comment did not violate it. The prosecutor actually stated that appellant "offered you a version of the events that is completely unsupported by anything else you heard that day." This does not comment on the defendant's failure to offer corroborating testimony. It simply says his testimony was not consistent with the other testimony the jury heard.

*McSwain,* 2004 WL 1402700, at ¶32 (footnote omitted).

Although the prosecutor did comment on Petitioner's failure to offer corroborating testimony, it is Petitioner's burden to show that the state court decision "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Thaler v. Haynes,* –U.S.–, 130 S. Ct. 1171, 1173 (2010) (citing 28 U.S.C. § 2254(d)(1)). Even though the state appellate court did not identify the guiding Supreme Court precedents and apply them, Petitioner's lack of argument has forfeited review under a standard which may have been less deferential to the state decision. *See Knowles v. Mirzayance,* –U.S.–, 129 S. Ct. 1411, 1419 n.2 (2009) ("[B]ecause Mirzayance has not argued that § 2254(d) is entirely inapplicable to his claim or that the state court failed to reach an adjudication on the merits, we initially evaluate his claim through the deferential lens of § 2254(d)").

Petitioner cannot rely on the Fifth Amendment because he waived it. Petitioner did *not* exercise his Fifth Amendment privilege to remain silent; rather, he testified in his own defense. (*See* Doc. 1, at 1 ("yes" in response to "Did you testify at trial?") and Trial Transcript (Doc. 6-23, at 179-234)). When a criminal defendant offers his "direct testimony" at his trial, he waives the Fifth Amendment privilege both to the extent of the direct and cross-examinations. *See Brown v. U.S.*, 356 U.S. 148, 157 (1958); *see also Mitchell v. U.S.*, 526 U.S. 314, 321 (1999) (citing *Brown*). Because Petitioner "t[ook] the stand and testifie[d] in his own defense[,] his credibility may be impeached and his testimony assailed like that of any other witness[.]" *Brown,* 356 U.S. at 154. Petitioner has also failed to show the prosecutor's comments were "so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." *Darden*, 477 U.S. at 181. Therefore, Petitioner has failed to establish that the state decision was either contrary to or an unreasonable application of clearly established law as set forth by Supreme Court holdings.

### *Part Two: Appeal to Jury's "Passions and Emotions"*

In the second part of his second ground, Petitioner argues the prosecutor improperly appealed

to the jury's emotions. Petitioner raised this argument on direct appeal, contending that his due process rights were violated. Respondent contends this ground is procedurally defaulted.

Under Ohio's contemporaneous objection rule, a defendant who fails to object during trial waives review of the issue. *E.g.*, *State v. Glaros*, 170 Ohio St. 471, 475 (1960). This rule is enforced in habeas review as an "adequate and independent" state procedural rule. *See Awkal v. Mitchell*, 613 F.3d 629, 648-49 (6th Cir. 2010) (citing *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Coleman*, 501 U.S. at 729)). Subsequent plain error review by Ohio state courts does not waive this procedural default, but rather is considered enforcement of the default. *Awkal*, 613 F.3d at 649.

The state appellate court found Petitioner's argument waived because of the lack of a contemporaneous objection. The court conducted plain error review pursuant to Ohio Criminal Rule 52(B) and overruled the argument:

> {¶ 33} Appellant also complains that the prosecutor improperly commented that only the jury could correct the injustices done to the victims in this case, thus appealing to the jury's emotions rather than asking them to adjudicate the case based upon the evidence. *Appellant's counsel did not object to this argument, so we must evaluate it for plain error.*
>
> {¶ 34} At the conclusion of his closing argument, the prosecutor commented that "justice is what occurs when an injustice is corrected. What happened to Michelle Haas and what happened to Jennifer Mayer were injustices and they are injustices only you can correct. The evidence is there, folks. Use your reason and procedural sense; and when you do, find this defendant guilty of the crimes he has been charged with." This modest appeal to the jury's sympathies cannot be viewed as prejudicial in the context of the entire argument. *See State v. Lyons*, Cuyahoga App. No. 80220, 2002-Ohio-3424,¶¶ 11-13. Therefore, we overrule the third assignment of error.

*McSwain*, 2004 WL 1402700 (emphasis added).

Petitioner offers no "cause" or other argument to excuse the procedural default. As a result, Petitioner's second ground is defaulted.

**Ground Three: Prosecutor's Cross-Examination of Petitioner**

In his third ground, Petitioner claims the prosecutor improperly commented on his right to be present at trial. Respondent contends this argument is procedurally defaulted.

The state appellate court found this claim waived, subject only to plain error review:

{¶ 30} Appellant's fourth assignment of error contends that the prosecutor improperly attacked his credibility on cross-examination by accusing him of fabricating his testimony based on the testimony of other witnesses. *Appellant's counsel did not object to this line of questioning at trial, so we review this matter for plain error.*

{¶ 31} Appellant claims that the cross-examination "improperly suggested to the jury that Mr. McSwain was less credible because he exercised" his constitutional right to be present at trial. The prosecutor's questioning did not challenge appellant's credibility because he was present at trial, but because he had the opportunity to fabricate exculpatory testimony consistent with other testimony he heard at trial. Once appellant waived his right against self-incrimination by testifying, his credibility was at issue and could properly be challenged by a charge of recent fabrication. Appellant was given the opportunity to deny this charge, and he did so. Therefore, we find no prejudicial error in this line of questioning.

*McSwain*, 2004 WL 1402700 (emphasis added).

Again, failure to contemporaneously object constitutes an independent and adequate state procedural rule foreclosing habeas review. *Awkal*, 613 F.3d at 648-49. Therefore, this ground is defaulted. Petitioner, however, did argue ineffective assistance of trial counsel as "cause" to both the Ohio appellate court and the Ohio Supreme Court. (Ex. 8, Doc. 6-15, at 38; Ex. 13, Doc. 6-18, at 52).

Ineffective assistance of counsel may serve as cause to excuse a procedural default when it has, as here, been presented as an independent claim to the state courts. *See Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004) (citing *Edwards*, 529 U.S. at 452). However, because there is no merit to the underlying claim, there is no need to reach whether there is cause to excuse the default.

There is no prosecutorial misconduct rising to the level of a Constitutional violation here. The Supreme Court has found that the prosecutor's calling attention to the fact of defendant's presence at trial and opportunity to hear the testimony from other witnesses and tailor his testimony accordingly not objectionable. *Portuondo v. Agard*, 529 U.S. 61, 64-73 (2000). In *Portuondo*, the Supreme Court found no Fifth or Sixth Amendment violation:

> [W]e see no reason to depart from the practice of treating testifying defendants the same as other witnesses. A witness's ability to hear prior testimony and to tailor his account accordingly, and the threat that ability presents to the integrity of the trial, are no different when it is the defendant doing the listening. Allowing comment upon the fact that a defendant's presence in the courtroom provides him a unique opportunity to tailor his testimony is appropriate – and indeed, given the inability to sequester the defendant, sometimes essential – to the central function of the trial, which is to discover the truth.

*Id.* at 73.

Here, on cross examination, the prosecutor asked Petitioner if he had a chance to listen to the trial testimony and formulate his testimony accordingly. Petitioner denied doing so. (*See* Doc. 6-23, at 203, 214-15, 222, 231). Accordingly, Petitioner has failed to establish the state decision was contrary to or an unreasonable application of clearly established federal law.

**Ground Four: Excusing African-American Juror**

In his fourth ground, Petitioner argues the trial court improperly excused an African-American juror. Respondent contends Petitioner has "not demonstrated that the [appellate court's decision] was legally or factually unreasonable under the AEDPA standard". (Doc. 6, at 25).

Petitioner argued the trial court violated *Batson v. Kentucky*, 476 U.S. 79 (1986) in dismissing one of two African-American jurors for failure to appear on the second day of trial. (Ex. 8, Doc. 6-15, at 40). The appellate court rejected this claim:

> {¶ 37} Appellant complains that the court erred by altering the racial composition

10

> of the jury when it excused an African-American juror and replaced her with an alternate. At the conclusion of the first day of trial, the jurors were instructed to return at 8:30 a.m. the following day. One juror did not appear. The bailiff contacted the juror at approximately 10:05 a.m. The juror said that she had forgotten and that she was on her way. The court indicated that it would wait until 10:30 for the juror to arrive. At 10:35 a.m., the court replaced this juror with one of the alternates.
>
> {¶ 38} *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S. Ct. 1712, 90 L.Ed.2d 69, is the only authority appellant cites for the proposition that the dismissal of this juror was erroneous. *Batson* does not support appellant's claim. *Batson* holds that the Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the jury solely by reason of their race. Here, the juror was not excluded from the jury based upon her race. She was included on the jury, and was only discharged when she caused a significant delay in the proceedings. There is no evidence that this juror was dismissed based upon her race. Therefore, we overrule the sixth assignment of error.

*McSwain*, 2004 WL 1402700.

The appellate court addressed Petitioner's argument and correctly stated the law. "The Equal Protection Clause precludes a party from using a peremptory challenge to exclude members of the jury venire on account of their race." *Braxton v. Gansheimer,* 561 F.3d 453, 458 (6th Cir. 2009) (citing *Batson,* 476 U.S. at 89). Consequently, review of this ground is constrained by 28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2254(d)(1), a writ of habeas corpus may only be granted if the state court decision is "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States". A decision is "contrary to" clearly established federal law if the state court decides the matter differently than the Supreme Court on "a set of materially indistinguishable facts." *Keith v. Mitchell*, 455 F.3d 662, 669 (6th Cir. 2006) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A decision is an "unreasonable application" of clearly established federal law: 1) "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts",

11

*id.* (quoting *Williams*, 529 U.S. at 407-08); or 2) "the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context", *id.* (citing *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003)).

The state court did not decide the matter differently than the Supreme Court on "a set of materially indistinguishable facts" and therefore the decision was not "contrary to" *Batson*. *Keith*, 455 F.3d at 669. Petitioner also fails to demonstrate the state court unreasonably applied the law. On two occasions where Courts of Appeal have examined a similar argument, it has been rejected. *See U.S. v. Ervin*, 59 F. App'x 631, 637 (6th Cir. 2003); *see also U.S. v. McMasters*, 90 F.3d 1394, 1402 (8th Cir. 1996). Both courts rejected a defendant's argument that the dismissal of an ill minority juror rather than granting a continuance violated *Batson*. The Eighth Circuit in *McMasters* found *Batson* limited to the juror *selection* process and stated *Batson* "does not mandate differing standards for the dismissal of jurors based on their race; indeed, it requires just the opposite." 90 F.3d at 1402. The court held that "[t]he sole issue is whether the district court properly removed an ill juror" and found that the court had a legitimate basis – illness – and did not abuse its discretion. *Id.* The Sixth Circuit in *Ervin* addressed a similar argument – that dismissal of "the only minority juror" who "called in sick on the second day of deliberations and did not immediately return the court's calls seeking to determine when she might be able to resume her service" was not an abuse of district court discretion. In so holding, the Sixth Circuit quoted *Batson*'s statement "that a defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" 476 U.S. at 85 (quoting *Strauder v. West Virginia*, 100 U.S. 303, 305 (1879)).

Based on these two analyses against extension of *Batson*, and Petitioner's skeletal argument, he has failed to show either an unreasonable application of *Batson* to the facts, or an unreasonable

refusal to extend *Batson*. Accordingly, Petitioner's fourth ground is without merit.

**Ground Five: Sentencing After *Foster***

In his fifth ground, Petitioner challenges the retroactive application of *Foster*. Respondent contends courts have repeatedly rejected this argument in other cases.

At the time the crimes were committed and the time Petitioner was tried, sentencing discretion in Ohio was limited by a number of statutes including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41 and their presumption favoring the statutory minimum sentence for first offenders, and § 2929.14(C)'s fact-finding requirement for imposition of maximum sentences and § 2929.14(E)(4)'s fact-finding requirement for consecutive sentences, all of which applied to Petitioner's sentencing. *Foster* found these provisions unconstitutional, severed them, and "concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St. 3d at 30. This remedy was made applicable to "those [cases] pending on direct review [which] must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." *Id*. at 31. At his third re-sentencing, Petitioner argued for a thirteen year sentence, but was sentenced to twenty years. (Ex. 30, Doc. 6-21, at 55).

Petitioner argued to the state courts that retroactive application of *Foster* violated his due process rights at the third re-sentencing. On appeal the state appellate court did not respond directly to the constitutionally based arguments raised, but instead relied on a series of unpublished decisions from that court which included *State v. Mallette*, 2007 WL 530187 (Ohio App.), and cases which deferred to *Mallette*. *See McSwain*, 2008 WL 2833937, at ¶ 24 ("This court has thoroughly

reviewed this argument in prior cases and repeatedly rejected it."). Although the state court relied on state case law rather than Supreme Court precedent, because of Petitioner's lack of argument, this claim must be reviewed under § 2254(d)(1)'s standard. *See Mirzayance,* 129 S. Ct. at 1419 n.2.

As Respondent points out, the Sixth Circuit in *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010), addressed the issues of ex post facto application and due process concerns of retroactive application of *Foster*. Granted, *Hooks* was specifically limited to its facts and did not reach the "broader question of whether re-sentencing under *Foster* ever violated the Due Process or Ex Post Facto clauses." *Hooks*, 603 F.3d at 321. However, the burden is on the Petitioner "to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner." *Stewart v. Wolfenbarger*, 595 F.3d 647, 663 (6th Cir. 2010) (internal quotation omitted). Petitioner has not done so. Additionally, this court has previously rejected due process and ex post facto challenges based on retroactive application of *Foster* in habeas cases. *See*, *e.g.*, *Kapsouris v. Kelly*, 2010 WL 819197, *1 (N.D. Ohio); *Watkins v. Williams*, 2008 WL 2484188, *3-4 (N.D. Ohio). Accordingly, Petitioner has failed to show that the state decision was contrary to or an unreasonable application of clearly established law as set forth by the Supreme Court.

### Conclusion and Recommendation

Following review of the Petition and applicable law, Petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision contrary to or involving an unreasonable application of federal law as determined by the Supreme Court of the United States, or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Further, Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to

hesitate due to the probability of actual innocence.  Finally, there has been no demonstrated need for an evidentiary hearing. The Petition should be denied and dismissed.

s/James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).