UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLON McSWAIN,** | ) | CASE NO.   1:10-CV-0680 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| **PHILLIP KERNS, WARDEN,** | ) | |
| | ) | <u>ORDER AND DECISION</u> |
| Respondent. | ) | |

This matter appears before the Court on one objection to the Report and Recommendation ("the Report") of the Magistrate Judge filed by Petitioner Marlon McSwain. Upon due consideration, the Court overrules the objection and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED.

### I.  Introduction

McSwain is currently serving a 20 year sentence as a result of his conviction for kidnapping, felonious assault, aggravated burglary and robbery. McSwain was initially sentenced in 2004, was resentenced later that year, and was sentenced a third time in 2007. After exhausting his state court remedies, McSwain filed the instant petition on March 31, 2010. The petition contains five grounds for relief, but the single ground at issue here is McSwain's assertion that his third sentence, which follows the remedy chosen by the Ohio Supreme Court in

*State v. Foster*, 109 Ohio St.3d 1 (2006), violates the Due Process clause of the U.S. Constitution.

On January 10, 2011, the Magistrate Judge issued his Report, asserting that McSwain's petition should not be granted. On February 7, 2011, McSwain objected to the Report. McSwain cites two reasons for his objection. First, McSwain asserts that the retroactive application of *Foster* is an unreasonable application of *Bouie v. City of Columbia*, 378 U.S. 347 (1964). Second, McSwain asserts that the retroactive application of *Foster* violates due process when a court imposes consecutive terms without setting forth findings in support of the consecutive terms. The Court finds no merit to McSwain's objection.

**II. Standard of Review**

If a party files written objections to a magistrate judge's report and recommendation this Court must perform a de novo review of "those portions of the report or specific proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

**III. Legal Analysis**

As McSwain acknowledges, this Court has previously rejected the argument he raised in Ground Five of the petition that retroactive application of *Foster* violates due process rights. *See, e.g. Watkins v. Williams,* Case No. 3:07CV1296, 2008 WL 2484188, *3-4 (N.D.Ohio) and *Kapsouris v. Kelly,* 2010 WL 819197, *1 (N.D.Ohio). In *Watkins*, this Court concluded that the retroactive application of *Foster* was not an unreasonable application of *Bouie v. City of Columbia,* 378 U.S. 347 (1964) and did not violate federal due process. In so holding, this Court noted that several other Judges within this district had reached the same conclusion. *Id.* at *4

(citing *McGhee v. Konteh,* Case No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Feb. 1, 2008); *Lyles v. Jeffreys*, Case No. 3:07CV1315, 2008 WL 1886077 (N.D.Ohio Apr. 24, 2008)). The Court finds no reason to restate its reasoning herein. The Court fully adopts its reasoning in *Watkins*, and finds no merit in McSwain's objection with respect to the retroactive application of *Foster*.

Additionally, the Court finds that there is no due process violation in the retroactive application of *Foster* because McSwain did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crime.

McSwain contends that *Foster* violates due process since the trial judge is no longer required to make findings before imposing a greater than minimum sentence. Prior to *Foster*, R.C. 2929.19(B)(2) and 2929.14(E)(4) required a trial court to make findings of fact before imposing a sentence enhancement. *Foster* struck down these provisions and held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at 30, 845 N.E.2d 470. *Foster* did not enlarge the penalty, but instead conformed Ohio's sentencing practices with *Blakely*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Where there is no increase in a potential punishment, an ex post facto challenge fails. *State v. Elmore*, 122 Ohio St.3d 472, 477, 912 N.E.2d 582 (2009).

McSwain cannot demonstrate lack of fair notice of the punishment he was to receive, and as a result cannot establish a denial of due process. McSwain's criminal conduct and first two sentences occurred prior to *Foster*. McSwain was originally sentenced to 26 years imprisonment and five years of post-release control and on June 14, 2004, he was sentenced to 23 years imprisonment and post-release control. In 2007, in light of *Foster*, McSwain was sentenced to

20 years imprisonment and 5 years post-release control. Clearly, McSwain did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crime, and *Foster* therefore did not alter McSwain's substantial rights. McSwain, therefore, fails to demonstrate the retroactive application of the remedy set forth in *Foster* violates due process.

This decision is consistent with the decisions of several other Judges within this district. See *Stone v. Beightler*, 2011 WL 590254, NO. 4:10 CV 276, (N.D. Ohio Feb. 10, 2011) (*adopting Stone v. Beightler,* 2010 WL 5812814, NO. 4:10 CV 276, (N.D.Ohio Oct 19, 2010)); *Jenkins v. Trim*, 2011 WL 2472948, NO. 5:10 CV 853 (N.D.Ohio Jun 22, 2011); *McClory v. Welch,* 2011 WL 532299, NO. 3:09 CV 703 (N.D.Ohio Feb 09, 2011).

Finally, the Sixth Circuit has rejected McSwain's argument in a case similar in all relevant respects. In *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010), the court wrote:

> Regardless of the court's determination in *Foster,* the maximum sentence to which Hooks was constitutionally subject contemplated consecutive sentences. Hooks would have the court calculate his maximum sentence as being imposed concurrently based solely on the facts found by a jury at the time of sentencing, because he argues that this calculation is mandated by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi* does not limit the calculation of Hooks's potential sentence to concurrent sentences when the judicial fact-finding here is allowed under [*Oregon v.*] *Ice* [, 555 U.S. 160, 129 S.Ct. 711 (2009)]. Thus, Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court. See *Foster,* 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for consecutive sentences. On re-sentencing post-*Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was *always* subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.

*Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010).[1]  Moreover, this Court finds no merit to

---

[1] The court did not, however, reach the broader question of whether sentencing under *Foster* ever violates the Due

McSwain's distinction between the facts in *Hooks* and those in the matter.

For these reasons, McSwain's argument that his sentence violated due process is not well-taken.

### IV. Conclusion

Having found no merit to the objection raised by McSwain, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


Date: _____August 10, 2011____          ___/s/ John R. Adams_____
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

Process or Ex Post Facto Clauses because it did not need to do so.